UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALLEN VICKS, #426156** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-313** |
| **LOUISIANA STATE, ET AL.** | **SECTION "L" (5)** |

### ORDER AND REASONS

With his above-captioned 28 U.S.C. § 2254 petition challenging his conviction and sentence, *pro se* petitioner, Allen Vicks, has also filed a "Motion for Temporary Restraining Order and/or Preliminary Injunction." (Rec. Doc. 3). In that motion, Vicks seeks to be released from his unconstitutional imprisonment that followed his conviction and sentencing for aggravated rape and second-degree kidnapping in 2000. He argues that he faces irreparable harm if not immediately released because he was illegally convicted and has been imprisoned unjustly for 24 years in violation of his constitutional rights. There is no indication in the record that Vicks served a copy of the motion on the Respondent and the Respondent has not replied to the motion. Respondent has not been ordered to answer the habeas petition yet.

The Court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a). Here, there is no indication that notice was provided to the Respondent. And without written or oral notice to the adverse party, a temporary restraining order ("TRO") may issue only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the

adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A), (B). Vicks has not certified in writing any efforts made to give notice to the Respondent and the reasons why notice should not be required before a temporary restraining order is issued. The requested preliminary injunction or TRO is improper simply for failure to follow the legal requirements of Rule 65.

Furthermore, a TRO is an extraordinary remedy for which a movant must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not disserve the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). All four elements must be met. *Hunt v. Lumpkin*, 857 F. App'x 186 (5th Cir. 2021) (citing *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009); *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985)). It is not at all clear from petitioner's conclusory allegations alone whether his habeas petition will succeed given that the matter has yet to be developed in sufficient detail. Indeed, it has yet to be established that the claims were fully exhausted in the state courts or that the habeas petition is timely.[1] The

---

[1] In his petition, Vicks asserts, without explanation, that his claims do not require exhaustion of state-court remedies and that the claims somehow exempt him from timeliness considerations. Rec. Doc. 5-1, p. 6; Rec. Doc. 5, p. 14.

Respondent has not yet had an opportunity to submit the state court record or respond to the allegations and Vicks has not come forward with factual evidence to support his claims.

Nor has Vicks demonstrated that absent the issuance of an injunction or TRO he will suffer irreparable harm. Despite his contention that "the irreparable harm he faces is continued unconstitutional restraint upon his liberty or unconstitutional imprisonment," he has been incarcerated since being convicted in 2000 and only recently filed a petition for federal habeas corpus relief. A TRO or preliminary injunction is not intended to supplant the normal process by which a petitioner may obtain federal habeas corpus relief when challenging a state conviction on federal constitutional grounds. *See Pieper v. Jeffreys*, Civ. Action 23-CV-9, 2024 WL 3937157, at *1-2 (D. Neb. Aug. 26, 2024) (denying motion for release from incarceration filed with Section 2254 petition under Fed. R. Civ. P. 65, to the extent petitioner sought issuance of an injunction or TRO, because it was not at all clear from the pleadings whether he would succeed on the merits of his challenge to his "enhanced" sentence), *aff'd*, 2024 WL 4763249 (8th Cir. 2024).

Accordingly, **IT IS ORDERED** that Vicks' "Motion for Temporary Restraining Order and/or Preliminary Injunction" (Rec. Doc. 3) is **DENIED** on the showing made.

New Orleans, Louisiana, this __13th__ day of _____March_____, 2025.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**